# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Nos. 07-0382-CV-W-FJG |
| ) | Crim. Nos. 04-00245-01-CR-W-FJG |
| ) | 04-00325-01-CR-W-FJG |
| BRENT MICHAEL BARBER, ) | 05-00048-01-CR-W-FJG |
| ) | |
| Defendant. ) | |

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed May 22, 2007. Movant also filed an Amendment to his § 2255 petition on July 19, 2007 (Doc. # 6). The Court finds that it has jurisdiction over this matter.

Movant was charged in three separate indictments, all of which charged offenses related to a complex mortgage fraud scheme involving more than one hundered properties, millions of dollars and numerous coconspirators. The three indictments are referred to as Barber I, Barber II and Barber III. Movant went to trial in Barber II and was found guilty on December 2, 2005, of Counts I, 2 and 4 of the four count indictment. After this trial, the parties began plea negotiations and on February 23, 2006, movant pled guilty to charges in both Barber I and III. In Barber I he pled guilty to Counts 1 (conspiracy), 2 through 53 (interstate transportation of funds obtained by fraud) and 57 and 59 (money laundering); in Barber III, he plead guilty to Count 1 (conspirarcy), Counts 2 through 47 (interstate transportation of funds obtained by fraud) and Counts 50 and 66 (money laundering). In the plea agreement for Barber I and III, the parties agreed to most of the potential guideline issues, reserving only 1) acceptance of responsibility - whether movant was entitled to a two level reduction for acceptance; 2) role in the offense (whether defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, which would result in

a four level increase; and 3) special skill - whether movant used his expertise in real estate transactions, foreclosures and recording of deeds and other documents as well as his real estate license in a manner that significantly facilitated the commission or concealment of the offense, which would result in a two level increase.  Movant also waived his rights of appeal and post-conviction remedies.  The plea agreement also provided that movant consented to judicial fact finding by a preponderance of the evidence and his waiver of any right to a jury determination beyond a reasonable doubt of facts used to determine and enhance the sentence imposed.  Movant was sentenced on October 27, 2006 to a total of 151 months.  Movant filed a pro se notice of appeal on March 12, 2007.  On May 22, 2007, the Eighth Circuit dismissed the appeal as untimely.

In his initial petition for relief, movant asserted seven bases for relief:

1. His guilty plea was not knowing and intelligent because he pled guilty to enhancements which were not charged in the indictment nor found by a jury;

2. His conviction was obtained in violation of his privilege against self-incrimination because he pled guilty to enhancements which were not charged in the indictment nor found by a jury;

3. His conviction was in violation of the protection against double jeopardy because the enhancements increased his total offense level by 30 points over the base level of 6;

4. He was denied effective assistance of counsel because he did not understand the effect the enhancements would have on his sentence and the <u>Apprendi</u> case;

5. The facts do not support the money laundering charge as he did not hide his identity at the real estate closings, did not send money off shore and deposited the funds to accounts where he was named;

6. The sentence imposed is above the statutory maximum and/or violates contract law; and

7. He was not a leader or organizer of the Ameriquest employees who were his co-defendants in Case No. 04-0245 (Barber I); they received significantly lower sentences.

In the Amendment to his § 2255 Petition, Barber asserted numerous other

2

grounds. The Government grouped these additional issues by the following topics:

1. **Barber's Mental Health** - He asserted that his attorneys did not request a competency hearing or present mitigating evidence of a psychological history and condition, although he had been diagnosed with bipolar disorder and had been on medication for over twenty years. Additionally, he states that while he was a pretrial detainee, he was not given adequate medication or medical treatment and as a result his plea was not knowing or intelligent. He also asserted that he has diminished capacity as a result of his mental issues and should have received a reduction of sentence under § 5k2.13.

2. **Pretrial Detention** - He states that he was subjected to cruel and unusual punishment while being detained pretrial.

3. **Victims** - He states that the victims (i.e. the lenders) assumed the risk when they allowed stated-income loans and no money down loans and they encouraged loan officers to produce more loans.

4. **Enhancements** - He states that the enhancements resulted in overstating the seriousness of his offenses, they overlapped, and his co-defendants were not given the same enhancements. He also states that the was denied due process because the enhancements were not charged in the indictment and presented to the trial jury. His attorneys ignored his objections to the enhancements. He was not a leader or organizer and there was no evidence presented to support the enhancement. He also states that the losses did not result solely form his conduct. Finally, he states that the was not given notice of relevant conduct, which was not charged in the indictment and when he objected to his attorneys, he was told it did not matter because the loss amount was between $7 and $20 million.

5. **Acceptance of Responsibility** - He states that no value was given for his guilty plea as he could not have received any higher sentence. He also states that he was not given the third point for timely acceptance of responsibility although he pled guilty before the second trial began and gave notice of his interest in pleading within a week or two of the first trial.

6. **Attempted Cooperation** - He states that he attempted to cooperate with government agents after his plea by answering questions and he believes that he should have received a benefit for this. He also stated that his initial attorney would not allow him to cooperate and that his attorney told him that he was looking at probation to six months custody if he went to trial and lost.

7. **Custodial Sentence** - He states that his sentence was greater than necessary and disproportionate to his co-defendants. He also argues that the Court did not consider the factors outlined in 18 U.S.C. § 3553, but instead followed the sentencing guidelines,. He also argues that the sentence did not take into account personal factors or the fact that there were alternative sentences

available. He also argues that the sentence was unreasonable in that he was charged under multiple statutes for the same offense, his sentence exceeded the maximum allowed under the statutes. He states that the restitution ordered was too high and should have been divided among the codefendants rather than joint and several and was not proven by the government. He also argues that he should have been sentenced under the 1998 or 1999 version of the Sentencing Guidelines, rather than the 2001 version. He also argues that the jury instructions were ambiguous and conflicting. Finally, with regard to the money laundering convictions, he argues that the facts of the financial transactions did not support money laundering convictions, this was only incidental to and in furtherance of his underlying crimes involving real estate and they were not drug related or organized crime.

## JUDGMENT

The Court has reviewed movant's petition (Doc. # 1) and the amendment to his petition (Doc. # 6) respondent's opposition (Doc. # 9), movant's answer to respondent's opposition (Doc. # 11) and the record in movant's criminal case, and finds that movant's allegations are without merit. In particular, movant has waived his post-conviction rights. Further, movant's substantive claims are without merit for the reasons stated in respondent's opposition. This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Docs. #1, 6), is hereby **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

Date: 10/4/07       **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri       Fernando J. Gaitan, Jr.
           Chief United States District Judge